UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| KAROLINA BANACH,<br><br>                    Plaintiff,<br><br>  - against -<br><br>IRONCLAD PERFORMANCE WEAR CORPORATION<br><br>                    Defendant. | Docket No. 3:18-cv-2676<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Karolina Banach ("Banach" or "Plaintiff") by and through her undersigned counsel, as and for her Complaint against Defendant Ironclad Performance Wear Corporation ("Ironclad" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photographs of soldiers wearing tactical clothing and gloves, owned and registered by Banach, a professional photographer. Accordingly, Banach seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in Texas.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Banach is a professional photographer in the business of licensing her photographs for a fee having a usual place of business at Ludwika Rydygiera 11AM. 56, 01-793, Warsaw, Poland.

6. Upon information and belief, Ironclad is a foreign business corporation duly organized and existing under the laws of the State of Texas, with a place of business at 3324 Roy Orr Suite #200 Grand Prairie, Texas 75050. Upon information and belief Ironclad is registered with the Texas Department of State Division of Corporations to do business in the State of Texas. At all times material, hereto, Ironclad has owned and operated a website at the URL: www.ironclad.com (the "Website").

## STATEMENT OF FACTS

**A.     Background and Plaintiff's Ownership of the Photographs**

7. Banach photographed soldiers wearing tactical clothing and gloves (the "Photographs"). A true and correct copy of these Photographs are attached hereto as Exhibit A.

8. Banach is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

9. Each photograph had a watermark on them.

10. These Photographs were registered with the United States Copyright Office and was given registration number VA 2-103-135.  These photographs were titled "10.23.17_glove_closeup_DSC_69881.jpg.", "10.11.17_sniper_portrait_DSC_0626.jpg",

"7.17.17_sniper_team_mountains_DSC_6432.jpg",

"8.1.17_soldier_rifle_greenzone_DSC_7039.jpg" and

"9.15.17_soldier_recon_DSC_98591.JPG."  See Exhibit B.

### B. Defendant's Infringing Activities

11.     Ironclad then used the Photographs on their Website titled to advertise their products as well as inserting them in their catalog. See URL www.ironclad.com/ironclad-catalog/. The Website prominently featured the Photographs.  Ironclad also used these Photographs as backdrops and banners to advertise their merchandise at trade conventions and gear shows in an exhibit booth, as well as posting the Photographs to their social media Instagram account. See URL www.instagram.com/p825_oE-DukD.?hl-en&taken-by-ironclad_gloves.  A copy of these infringements has been compiled and are attached hereto as Exhibit C.

12.     Ironclad did not license these Photographs from Plaintiff, nor did Ironclad have Plaintiff's permission or consent to publish these Photographs on its Website, catalog, social media or in print as backdrop banners for exhibit booths.

### FIRST CLAIM FOR RELIEF
### (COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)
### (17 U.S.C. §§ 106, 501)

13.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-11 above.

14.     Ironclad infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on their Website, social media, catalog and in print as backdrop banners for exhibit booths at trade shows. Ironclad is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

15. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANT
## (17 U.S.C. § 1202)

18. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-17 above.

19. Upon information and belief, Defendant cropped the watermark off the Photographs and placed it on its Website and reproduced it in print as backdrop banners for their exhibit booths at trade shows without the watermark.

20. Upon information and belief, intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photographs.

21. The conduct of Ironclad violates 17 U.S.C. § 1202(b).

22. Upon information and belief, Ironclad's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

23. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Ironclad intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photographs. Ironclad also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photographs.

24. As a result of the wrongful conduct of Ironclad as alleged herein, Plaintiff is entitled to recover from Ironclad the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Ironclad because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

25. Alternatively, Plaintiff may elect to recover from Ironclad statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Ironclad be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Ironclad be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded her costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

7. That Plaintiff be awarded punitive damages for copyright infringement;

8. That Plaintiff be awarded attorney's fees and costs for copyright infringement;

9. That Plaintiff be awarded pre-judgment interest; and

10. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
October 9, 2018

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Tel: (516) 233-1660

RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Karolina Banach*