UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KAROLINA BANACH, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:18-CV-2676-G |
| IRONCLAD PERFORMANCE WEAR ) | |
| CORPORATION, ET AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the defendant Brighton-Best International Incorporated ("Brighton")'s motion to dismiss the plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Motion to Dismiss for Failure to State a Claim (docket entry 17). In this motion, Brighton argues that the plaintiff Karolina Banach's claims against Brighton should all be dismissed because her original complaint failed to include any allegations against Brighton whatsoever.[*]

---

   [*]   Additionally, in Brighton's motion to dismiss, reply brief in support of its motion to dismiss, and response to the plaintiff's motion for leave to file an amended complaint, Brighton argues that if the court granted the plaintiff leave to amend her complaint, the court should also grant Brighton its fees for having to file its motion to dismiss. Motion to Dismiss 4-6; Reply in Support of Motion to

(continued...)

*Id*. at 2-4.  Since Brighton filed its motion to dismiss, however, the plaintiff filed a motion for leave to file her second amended complaint, *see* Motion for Leave to File Second Amended Complaint (docket entry 18), which this court granted.  *See* Order Granting Motion to Amend (docket entry 24).  Shortly thereafter, the plaintiff filed her second amended complaint, which contains specific allegations against Brighton.  *See* Second Amended Complaint at 3-7.  As a result of filing her second amended complaint, not only has the plaintiff resolved the issues complained of in Brighton's motion to dismiss, but the plaintiff has mooted the motion to dismiss entirely.  S*ee Garza-Selcer v. 1600 Pacific Subtenant, LLC*, No. 3:15-CV-03791-N, 2016 WL 11474103, at *2 (N.D. Tex. Aug. 30, 2016 ) (Godbey, J.) ("When a motion to dismiss is filed against a superseded complaint, courts ordinarily deny the motion as

---

*(...continued)
Dismiss (docket entry 21) at 2-3; Response to Plaintiff's Motion for Leave (docket entry 22) at 1-4.  In particular, Brighton argues that because the plaintiff did nothing after Brighton alerted the plaintiff of the deficiencies in her complaint, Brighton was forced to file its motion to dismiss, and thus the plaintiff should pay the costs associated with this motion. Motion to Dismiss at 4-6.  In response, the plaintiff contends that she, in fact, should be awarded her attorneys' fees in connection with her opposition to Brighton's motion to dismiss.  Response to Motion to Dismiss (docket entry 20) at 3-6.  In particular, the plaintiff believes she is entitled to attorneys' fees because:  (1) Brighton could have avoided filing its motion to dismiss by stipulating to the plaintiff's filing of a second amended complaint, as Brighton knew it connected to Ironclad, another named defendant; and (2) Brighton chose to focus on technical pleading deficiencies that it knew could be easily fixed without judicial intervention, thereby wasting judicial and party resources.  *Id*. at 3-6.  Having read both parties arguments, the court declines to grant a fee award to either party.  Both parties have wasted judicial resources by squabbling over this issue.

moot."). Accordingly, the court concludes that Brighton's motion to dismiss should be **DENIED** as moot.

    **SO ORDERED.**

June 19, 2019.

                                                    **A. JOE FISH**
                                                    **Senior United States District Judge**